IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SOVEREIGNTY JOESEPH HELMUELLER
SOVEREIGN FREEMAN,

                   Plaintiff,

  v.

TODD HALLET, CHRIS DROST,
and GAVIN VATSNDALE,

                   Defendants.

ORDER

22-cv-463-jdp

---

Plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman, who formerly went by the name Andrew Jacob Helmueller in previous cases filed in this court, is incarcerated at Waupun Correctional Institution. Helmueller's original complaint contained allegations about two unrelated issues: (1) in December 2019, defendant Officers Todd Hallet and Chris Drost failed to respond to Helmueller's complaints of heart pain; and (2) in February 2020, defendant Officer Gavin Vatsndale shoved him. I dismissed the complaint for violating Federal Rule of Civil Procedure 20 because it contained two sets of unrelated claims and Rule 8 because his allegations were too vague to support claims for relief. Dkt. 5. I gave Helmueller an opportunity to submit an amended complaint including only one of the two sets of claims and better describing the facts underlying the set of claims he chooses. *Id.*

Helmueller responded by filing an amended complaint limited to his claim against defendant Vatsndale for shoving him and providing more details about that incident. Dkt. 6. I dismissed the case because Helmueller's allegations against Vatsndale didn't state a claim for relief: they described no more than a de minimis use of force. Dkt. 7, at 2–3. Judgment was entered the same day. Dkt. 8.

Now Helmueller has filed a motion asking for two things: (1) reconsideration of my decision dismissing his claim against Vatsndale; and (2) severance of his original medical care claims against Hallet and Drost into a separate lawsuit. Dkt. 9.

I will construe Helmueller's motion for reconsideration as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Relief under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion is successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact; or (2) that newly discovered evidence precludes entry of judgment. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013).

Helmueller's motion does not meet these standards. He argues that it should not be acceptable for correctional officers to shove inmates. But the caselaw makes clear that the type of isolated, non-harmful action like Helmueller alleges here—while unprofessional—simply isn't serious enough to violate the Constitution. *See, e.g.*, *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000) (Officer Smith's simple act of shoving Mr. DeWalt qualifies as the kind of de minimis use of force that does not constitute cruel and unusual punishment. . . . The shove was a single and isolated act, unaccompanied by further uses of force."); *Lunsford v. Bennett*, 17 F.3d 1574, 1582 (7th Cir. 1994) (pouring bucket of water on prisoner and causing bucket to hit him in the head considered de minimis); *Wilson v. Hartman*, No. 21-2308, 2022 WL 1062053, at *1 (C.D. Ill. Apr. 8, 2022) ("While Defendant Hartman's alleged conduct [throwing an apple at plaintiff and hitting him in the ribs] was unprofessional and certainly not commendable, Plaintiff's claim involves a *de minimis* use of force which does not rise to the level of a constitutional violation."). So I will deny his motion to alter or amend the judgment.

Helmueller also returns to the initial problem I had noted with his complaint: that he was trying to bring two separate sets of claims in a single lawsuit. Helmueller states that the document docketed as his original complaint was meant to be two separate complaints, one for each set of issues, and I take him to be saying that he would still like to pursue his medical care claims against Hallet and Drost. I will direct the clerk of court to docket pages 1–3 of Helmueller's original complaint under a new case number and assess him an initial partial payment of the filing fee for his new case. Once Helmueller submits his initial partial payment, I will screen his medical care allegations.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to alter or amend the judgment, Dkt. 9, is DENIED.

2. The clerk of court is directed to docket pages 1–3 of plaintiff's original complaint, Dkt. 1 under a new case number and assess him an initial partial payment of the filing fee for the new case.

Entered December 5, 2022.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge