IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SOVEREIGNTY JOESEPH HELMUELLER
SOVEREIGN FREEMAN,

                Plaintiff,                          OPINION and ORDER

   v.

                                                     22-cv-693-jdp

TODD HALLET,

                Defendant.

---

      Plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman, without counsel, is currently incarcerated at Waupun Correctional Institution. Helmueller alleges that when he was incarcerated at the St. Croix County Jail, defendant officer Todd Hallet failed to properly respond to his complaints of heart problems. I granted Helmueller leave to proceed on claims under the Fourteenth Amendment to the United States Constitution and under Wisconsin negligence law.

      Defendant Hallet moves for summary judgment, contending that Helmueller failed to exhaust his administrative remedies before filing this lawsuit. Dkt. 21. I will grant that motion and dismiss Helmueller's Fourteenth Amendment claim. I will also relinquish the court's supplemental jurisdiction over Hallet's state-law negligence claim.

ANALYSIS

**A. Motion for summary judgment on exhaustion grounds**

      The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about prison or jail conditions. 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the

administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. The purpose of these requirements is to give the jail administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendant. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Helmueller's claims concern an incident that occurred on December 30 or 31, 2019: he alleges that Hallet responded to his complaints of severe chest pain by threatening him with a disciplinary ticket and mocking him. Jail regulations state that a prisoner must file a grievance within 24 hours of the incident. If the prisoner is "not satisfied with the findings and actions" of the reviewer, he must file two rounds of appeals, to the captain and then to the sheriff. Dkt. 24-1, at 46 (the jail's inmate handbook). Hallet states that Helmueller didn't file a timely grievance about the issue. Rather, he belatedly filed a grievance on February 3, 2020, that stated as follows:

> Attn Sgt Joe what's being done about [Hallet] threatening me with a ticket for pressing the intercom back around new years when I thought I was having a heart attack. It was the night Dillon checked my vitals shortly thereafter and my heartbeat/pulse was well over 115.

Dkt. 24-2 (I've edited the language slightly for readability purposes). Hallet not only argues that the grievance was untimely, but also that it didn't address Helmueller's claims—the lack of adequate medical care—and instead focused on being him threatened with a ticket.

2

In his response, Helmueller contends that Hallet's timeliness argument fails because Drost responded to his grievance on the merits rather than deny it as untimely. I agree with Helmueller on this point. *See Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005) ("if prison administrators choose to consider the merits of an untimely grievance, then the claim has been exhausted"). And I'm unpersuaded by Hallet's argument that Helmueller's grievance wasn't explicitly about the lack of medical care. Unless jail rules require more, inmates must "provide[] notice to the prison of 'the nature of the wrong for which redress is sought.'" *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). Helmueller's grievance that Hallet acted unreasonably in responding to his medical complaints meets this standard.

But Hallet raises another argument with more traction: he argues that Helmueller did not appeal the denial of his grievance through both rounds of appeal. The grievance records show that Captain Drost responded to Helmueller's grievance with a message stating, "Sir, I will speak with [Hallet] about this. If he felt you were abusing the use of the intercom button he was only warning you that you would receive an inhouse ticket. Hopefully that answers your question." Dkt. 24-2. The grievance was marked "Rejected." *Id.* Helmueller appealed that decision, stating, "I'll talk to the involved officers you are proving yourself biased in your so-called investigations." *Id.* (edited for readability purposes). Captain Drost responded, stating, "Sir, I will leave it at you will speak with the officers about this then." *Id.* That response was marked "Appeal Rejected." *Id.* Helmueller did not appeal to the sheriff.

In response, Helmueller argues that Captain Drost interfered with the grievance process by responding both to his initial grievance and to his appeal. Under the rules provided by Hallet, a sergeant or lieutenant should have responded to the initial grievance and then Captain

3

Drost would respond to the first appeal. But Helmueller doesn't explain how this irregularity kept him from filing a second appeal given that he filed a first appeal even though Drost perhaps incorrectly responded to his initial grievance. I won't deny the summary judgment motion on this ground.

Helmueller also noted that the jail handbook presented by Hallet as evidence for their grievance rules is missing the first page, which he believes bore an August 2021 revision date, suggesting that the jail rules Hallet cited weren't in place at the time of Helmueller's grievance. *See* Dkt. 24-1. The court had the parties provide more evidence on the grievance rules in place in February 2020. Dkt. 49. Hallet submits the declaration of the current jail administrator, stating that the grievance handbook that Hallet submitted was the correct version of the jail's rules in place at the time of Helmueller's grievance, not the version of the rules that county defendants submitted in other cases in this court bearing an August 2021 revision date. Dkt. 51. My own review of the handbooks that county defendants have submitted in Helmueller's recent cases show that the version Hallet submitted in this case is different from the August 2021 version. Helmueller doesn't address this point in his supplemental response. Dkt. 57.

Thus it is undisputed that in February 2020 the jail required a final appeal to the sheriff. Helmueller suggests that his grievance was exhausted despite failing to appeal to the sheriff because in his appeal response Drost allowed Helmueller to settle the issue with the involved officers. I disagree with this assessment. His appeal was explicitly marked "Appeal Rejected," which gave Helmueller the opportunity to appeal further Drost's response; it does not suggest that Helmueller had "won" his appeal. To the contrary, as Hallet argues, Helmueller essentially withdrew his grievance by choosing to speak directly to staff rather than further appealing the

rejection of his appeal. Because Helmueller failed to fully exhaust this grievance, I will grant Hallet's motion for summary judgment and dismiss Helmueller's Fourteenth Amendment claim. That dismissal is without prejudice, *see Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004), but Helmueller would likely find it impossible to file a proper grievance now because the relevant events happened so long ago.

That leaves Helmueller's Wisconsin-law negligence claim against Hallet. Ordinarily, this court will decline to exercise supplemental jurisdiction over state-law claims after it dismisses all federal causes of action. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."). Helmueller hasn't shown that this court could exercise federal diversity jurisdiction over his negligence claim; he fails to allege that he and Hallet are citizens of different states and nothing in the record suggests that they are.

Helmueller may pursue that claim in state court, subject to Wisconsin statutes of limitations. Those limitations periods have been tolled while this case has been pending, but they will begin again 30 days from now. *See* 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under [the court's supplemental jurisdiction] . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.").

ORDER

IT IS ORDERED that:

1. Defendant's motion for summary judgment on exhaustion grounds, Dkt. 21, is GRANTED.

2. Plaintiff's state-law claim is DISMISSED without prejudice under 28 U.S.C. § 1367(c)(3).

3. Plaintiff's remaining motions are DENIED as moot.

4. The clerk of court is directed to enter judgment accordingly and close this case.

Entered March 20, 2024.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge